THE ISABELLE AND LEONARD GOLDENSON ASSOCIATION INC., a New York not-for-profit corporation, Plaintiff—Appellee,

v.

WOMEN IN FILM, a California corporation, Defendant— Appellant.

No. 03–56311.

D.C. No. CV–02–06776–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 17, 2005.

---

**3.** *Arizona v. Washington*, 434 U.S. 497, 506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

**4.** *Id.* at 514.

**5.** *United States v. Williams*, 717 F.2d 473 (9th Cir.1983).

**6.** *Id.* at 475.

**7.** 28 U.S.C. § 2254(d)(1).

Leonard S. Machtinger, Kenoff & Machtinger, LLP, Los Angeles, CA, for Plaintiff–Appellee.

Steven M. Rubenstein, Rubenstein Law Offices, Woodland Hills, CA, for Defendant–Appellant.

Before KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

The theory of the complaint is misrepresentation, not breach of a condition. The complaint alleges at paragraphs 7 and 8 that Women in Film, through its president, Iris Grossman, told the Isabelle and Leonard Goldenson Association, Inc., three things that "were in fact false": (1) Women in Film would create an endowment fund and would retain the $100,000 in it; (2) Women in Film would raise substantial additional contributions for the endowment fund; and (3) the Entertainment Industry Council would soon make a substantial grant, as much as $10 million, to Women in Film, which Women in Film would deposit into the endowment fund. The complaint says that Women in Film had no reasonable grounds to believe these three representations to be true "at the time." Thus, the donor is not alleging that Women in Film subsequently did not do what it promised to do and therefore the gift should revert. Rather, the donor is alleging that Women in Film made three representations about its intentions, all three of which were false at the time they were made. This theory of the complaint requires, if we are to affirm the summary judgment, that there be no genuine issue of material fact about whether Women in Film misrepresented its intentions toward the end of 1999, as opposed to whether it subsequently did what it said it intended to do.

Because the claim is one of intentional misrepresentation, rather than breach of a condition placed on the gift, we need not and do not reach the statute of limitations question that the parties briefed. The statute of limitations argument was that if there was breach of a condition, then the two-year limitation on suits on obligations would apply, and the suit was filed more than two years after the claimed failure to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

perform the obligations caused the actions to accrue.

The complaint relies on the theory of *Earl v. Saks & Co.*, which allows rescission if a gift was "induced by fraud or material representation (whether of the donee or a third person) or by mistake as to a basic fact,"[1] where the mistake "entails the substantial frustration of the donor's purpose."[2] In *Earl*, the donor was "actively misled as to a material element in the purchase."[3] He thought he was buying a fur coat for $4,000 and giving it to the young lady he loved who accompanied him, but unbeknownst to him, the lady was paying $1,000 of her own money to the store, so she was getting the fur coat partly as a gift from him and partly as a purchase, not at all what he had in mind.[4] This case is not analogous to *Earl*. Viewing the evidence in a light most favorable to the party against whom summary judgment was rendered, as we must,[5] there is a genuine issue of material fact as to whether any of the representations made by Women in Film were false when made.

Grossman swears that (1) she never told Ms. Arbus that the Entertainment Industry Foundation had committed any funds to Women in Film; (2) Ms. Arbus did not tell her that the $100,000 contribution was subject to the Entertainment Industry Foundation or anyone else giving any particular sum to the endowment fund; and (3) Women in Film did, indeed, put the contribution into a separate account characterized as the endowment fund as well as another $10,000 that somebody else contributed. Both she and Carol Savoie swear that several women affiliated with Women in Film had discussed an endowment fund with Lisa Paulsen, who headed the Entertainment Industry Foundation, and that Ms. Paulsen had thought there was a potential of $10 million over a three year period from the Entertainment Industry Foundation. That is evidence that all three representations were true. Ms. Arbus's declaration suggests a higher level of certainty for the $10 million, and though she does not exactly say so, she seems to be implying an expectation that her $100,000 would be supplemented by more additional contributions than the $10,000 that came. She says it was her own intention that her $100,000 "would be only a small part of the fund" but does not say exactly what representations were made that were false with respect to the other contributions.

Based on this record, we are compelled to conclude that a jury could find that all three of the representations at issue were true when made. While subsequent events might also support an inference that Women in Film never had any intention of doing what it said, a jury could reasonably conclude to the contrary. A jury might conclude that the endowment fund was held in liquid form with nothing paid out of it because of the pendency of this dispute rather than any intention to do so at the time the gift was obtained, that the $10 million was hoped for and anticipated, that the disappointment was subsequent to the gift, and that Women in Film intended when it received the gift to obtain such substantial additional contributions as it could.

1. See *Earl v. Saks & Co.*, 36 Cal.2d 602, 609, 226 P.2d 340 (1951).

2. *Id.*

3. *Id.*

4. *Id.* at 608–09, 226 P.2d 340.

5. See *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004).

REVERSED.[6]

---

**6.** We also deny Appellee's motion to dismiss
the appeal because Appellant lacks capacity to
proceed. Appellant is not currently suspend-
ed by the California Secretary of State.

